LEONID BETTILINI, *Appellant*, v. THE H. W. METCALF COM-
PANY, A CORNORATION, *Appellee*.

Opinion filed May 5, 1919.

Petition for Rehearing denied May 12, 1919.

Where, under the express provision of a written lease the lessee
    is given the option, upon the happening of a certain named
    contingent event to coninue said lease in effect or to termi-
    nate it before the regular end of the term stated therein, up-
    on the happening of such event and an election under such
    option to terminate such lease, it is not essential in order
    to make such election effectual to accomplish that purpose
    that the lessee should, upon giving notice thereof to the les-
    sor, surrender possession of the leased premises, and where
    such lessee continues in possession of such premises paying
    rent therefor he becomes under the provisions of Chapter
    5441, Acts of 1905, Laws of Florida, a tenant at sufferance
    or a tenant at will.

An Appeal from the Circuit Court for Duval County;
Daniel A. Simmons, Judge.

Judgment affirmed.

*.C M. Cooper, Chas. P. & J. J. G. Cooper, for Appel-
lant;*

*Marks, Marks & Holt* and *Massey & Warlow, for Ap-
pellee.*

WEST, J.—This is an action for breach of a covenant
to lease from September 29th, 1913 for a period of five
years certain premises known as the Terminal Hotel in
the City of Jacksonville. The parties will be given the

same designation in this opinion that was given them in the court below.

The lease was made by the plaintiff to the assignor of the defendant, but it is expressly provided therein that the term lessee employed in the lease shall include his executors, administrators and assigns.

Before the expiration of the five-year period for which the lease was made, notice was given by the lessee to the plaintiff calling attention to the occurrence of the contingency upon the happening of which the lessee was given the option to terminate the lease and of his election so to do.

This notice was as follows:

"Referring to lease bearing date September 29, 1913, between yourself as Lessor, and Harry W. Metcalf, of Jacksonville, Florida, as Lessee, covering that certain property formerly known as Bettelini's Hotel, now known as the Terminal Hotel, numbered 1023 to 1035 (both inclusive), West Bay Street, in the City of Jacksonville, Duval County, Florida, situated at the North East Corner of Bay and *Johnston* Streets together with an alley which opens on Bay Street and adjoins the East side of said store numbered 1023 West Bay Street, which alley is of the even width of about three feet, and runs from Bay street, back, adjoining said store, the entire length of the said store; said lease covering said property for a period of five years from the 1st day of October, 1913, at a specified monthly rental of Eight Hundred ($800.00) Dollars, I beg to call your attention to that certain clause on page 2 of said Lease, reading as follows:

" 'It is hereby understood and agreed that in the event of the passage or enactment of any law of the State of

Florida, dispensary or otherwise, prohibiting or other-
wise curtailing the sale of liquors in the City of Jackson-
ville, County of Duval, State of Florida, this lease shall
then become null and void at the option of said lessee,
and in that event the said lessee is hereby released from
any liability herein from the date such laws shall become
effective.'

"I beg to further call your attention to Chapter 6860
(No. 54), Laws of Florida, passed at the 1915 session of
the Legislature, same being entitled.

" 'AN ACT to Regulate the Sale or Furnishing of In-
toxicating Liquors, Wines or Beer, and Prescribing a
Penalty for the Violation of certain of its Provisions, and
Repealing laws in Conflict herewith,' which said Law be-
comes effective at midnight of the night of September 30,
A. D. 1915. The law enacted by the Florida Legislature
at its 1915 session as aforesaid, same being otherwise
known as the Davis Package Law, 'prohibits or otherwise
curtails the sale of liquors in the City of Jacksonville,
Duval County, Florida,' within the meaning of that Par-
agraph of the Lease above quoted, and I hereby exercise
my option to declare said Lease null and void from the
date said Law becomes effective, to wit: at Midnight of
the night of September 30th, A. D. 1915, and accordingly
notify you I shall from the date said law so becomes ef-
fective, treat said lease as null and void under and by
virtue of the aforesaid provisions in the Lease.

"This notice is given you in order that you may be fully
advised of my intentions to so exercise my option to de-
clare said Lease void."

To this notice was appended the following, which was
signed by the defendant:

"The undersigned corporation, as Assignee of the Lease mentioned and described in the foregoing letter, by its undersigned duly authorized officer, hereby joins in the foregoing Letter and adopts the same as its letter, and likewise elects to declare said Lease null and void from said date, to-wit, at midnight of the night of September 30, A. D. 1915, upon the grounds and for the reasons in the aforesaid letter mentioned."

The quoted paragraph of the lease is an accurate copy of such paragraph as it appears in the lease.

Upon the giving of this notice the defendant did not surrender the possession of the premises to the lessor, but continued in possession thereof, paying the monthly rental therefor, and thereafter on January 13th, 1916, gave further notice to the plaintiff that it would on the 29th day of February following terminate its tenancy and vacate, surrender possession of and deliver up said premises to the plaintiff or whomsoever she would designate. The plaintiff refused to accept the keys or the surrender of the possession of the premises, whereupon the defendant, on the date upon which it had given notice that it would do so, vacated the property and thereafter refused to pay the rent therefor.

All of the foregoing is alleged in plaintiff's declaration. The declaration was demurred to on various grounds, the demurrer was sustained and plaintiff declining to further plead, final judgment in favor of defendant was entered. To review this judgment writ of error was taken from this court.

There is no question about the statutes referred to in the notice, herein above set out, namely, Chapter 6860, Acts of 1915, Laws of Florida, commonly called the Davis

Package Law, being such a statute as was in contempla-
tion by the parties at the time the lease was made, the
passage or enactment of which would give to the lessee
the option to continue such lease in effect or to declare
it null and void and thus terminate it.    But it is con-
tended by plaintiff that the lessee was bound, upon the
enactment of this statute, to *then* exercise the option
given him, and that by his failure to promptly exercise it
his right to do was lost.    The statute was approved on
May 5th, 1915, but by its express terms it did not take
effect until midnight on September 30th, 1915.    So that,
while the notice was given *after* the passage and approval
of the statute, it was given *before* it went into effect.

By the contract it was stipulated that the lease should
become null and void at the option of the lessee "in the
event of the passage or enactment" of such a statute as
that described.    The term "enactment" might be con-
strued to mean "taking effect" (*In re* Hendricks, 60 Kan.
796, 57 Pac. Rep. 965) and under that construction the
statute would not be considered an "enactment" until
the day upon which it took effect.    But it is not necessary
for the purposes of this case to adopt that construction.

It is perfectly clear that the parties in making this con-
tract had in mind a statute that would by its operation
and enforcement prohibit or curtail the sale of intoxicat-
ing liquors in the City of Jacksonville.    The statute under
consideration would not so operate until the date pre-
scribed for its taking effect, and before this date the
lessee gave the notice copied herein of his election under
the option given him to terminate the lease by declaring
it null and void as of the date of the taking effect of the
statute.    The lease itself says nothing about the notice
which the lessee should give to the lessor of his election

38—Vol. 77.

and since the notice was given before the statute went into effect, we can not say as a matter of law that his delay in doing so until a few days before the statute went into effect is so unreasonable as to result in a loss of his right to the option given him.

It is also contended that since the lessee and his assignee did not surrender or offer to surrender the possession of the leased premises at the time of his election to terminate the lease, or upon the date that the statute authorizing it went into effect, the notice given by him was not sufficient to accomplish that purpose. This, we think, is controlled by the provisions of Section 4, Chapter 5441, Acts of 1905, Laws of Florida, reading as follows: "That when any tenancy shall have been created by an instrument of writing and the term for which such tenancy is limited therein shall have expired and the tenant shall hold over in the possession of said premises without renewing the said lease by some further instrument of writing then such holding over shall be construed to be a tenancy at sufferance, and the mere payment or acceptance of rent shall not be construed to be a renewal of the said term, but if such holding over be continued with the consent of the lessor then such tenancy shall become a tenancy at will under the provisions of this act."

Under the lease the "term" for which the tenancy was limited was at most five years, but it was, conditioned upon the happening of a stated event and the exercise thereupon of an option given to the lessee, subject to a limitation to a shorter period and the "term" expired just as effectually upon a proper exercise of the option to terminate it as it would have by lapse of time and the expiration of the five-year period, the regular end of the term.

Upon the expiration of the term in either case the lessee under the express provisions of the statute held over as a tenant at sufferance or a tenant at will, and it was not essential to a proper exercise of the option declaring the term at an end that the lessee should contemporaneously therewith surrender the possession of the leased premises to the lessor. This .being true, he had the right under the statute to terminate the tenancy by giving the notice which we have seen was given before he vacated the premises on 29th day of February, 1916.

There was therefore no error in the order sustaining the demurrer to the declaration or the entry of judgment in favor of the defendant upon plaintiff's failure to further plead, and the judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.